

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REQUEST FILED    JUL 24 2014
JURY TRIAL

WILLIAM W. BLEVINS
CLERK

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

MR. CYRUS CASBY
_____
Print the full name (first - middle - last) and
prisoner number of the plaintiff in this action.

CIVIL ACTION

NO. **14-1706**

SECTION **SECT. F MAG. 4**

versus

ST. CHARLES PARISH SHERIFF'S OFFICE OF LA.
_____
JEFFERSON PARISH SHERIFF'S OFFICE OF LA.
_____
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
_____
KEYIRA GABLE
_____
_____
_____

Print the full name of all defendants in
this action.
**DO NOT WRITE et al.**

TENDERED FOR FILING

JUL 24 2014

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

### COMPLAINT

I.    Previous Lawsuits

    A.    Have you begun other lawsuits in state or federal court dealing with the same
facts involved in this action or otherwise relating to your imprisonment?
Yes ( )   No (✓)

Fee_____
Process_____
X Dktd_____
CtRmDep_____
Doc. No._____

B.    If your answer to A is "yes", describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

    1.    Parties to the previous lawsuit

        Plaintiffs     _____

        _____ NONE _____

        Defendants     _____

        _____ NONE _____

    2.    Court (If federal court, name of the district court; if state court, name the parish.)

    _____ NONE _____

    3.    Docket Number _____ NONE _____

    4.    Name of judge to whom case was assigned _____ NONE _____

    _____

    5.    Disposition (For example: Was this case dismissed? Was it appealed? Is it still pending?)

    _____ N/A _____

    6.    Approximate date of filing lawsuit _____ NONE _____

    7.    Approximate date of disposition _____ NONE _____

C.    Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, which have been dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted by any federal court?
Yes ( )  No (✓)

If your answer is "yes", list the civil action numbers and the disposition of each case. You also must identify in which federal district or appellate court the action was brought.

_____ NONE _____

_____

_____

2

II.   **PLACE OF PRESENT CONFINEMENT:** NELSON COLEMAN CORRECTIONAL CENTER, ST. CHARLES PARISH

A.   Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B.   Did you present the facts relating to this complaint in the prisoner grievance procedure? Yes (✓) No ( )

C.   If your answer is "yes",

1.   Attach a copy of all administrative complaints you have filed regarding the claims raised in this lawsuit and copies of all prison responses. If copies are not available, list the number assigned to the complaint(s) and approximate date it was presented to the prison. _____

ATTACHED

2.   As to each grievance compliant provided or listed above, have you exhausted or completed all steps in the procedure, including appeals?
NO

D.   If your answer is NO, explain why you have not done so: I SUBMITTED THE GRIEVANCE FOR THE NEXT PHASE BUT WAS NOT CALLED FOR IT, I NOTIFIED MY ATTORNEY (MICHEAL RIEHLMANN) AND HE ADVISED ME TO LET HIM HANDLE IT JUDICIALLY, SUBSEQUENTLY A "CRIME VICTIMS" MOTION WAS FILED IN FED. COURT IN WHICH "A VICTIM IS TO RECEIVE REASONABLE PROTECTION FROM THE ACCUSED," HE SAID SINCE MY DIAGNOSIS WAS ALREADY ON FILE, I AM ENTITLED LEGALLY TO NOT BE REFUSED ACCESS TO A CLINIC OR FEDERAL PROTECTED RIGHTS, RELIEF, AND ACTIVITIES UNDER THE COLOR OF LAW.

III.   Parties

(In item A below, complete the following information. Do the same for additional plaintiffs, if any.)

A.   Full Name of Plaintiff
(First - Middle - Last)   CYRUS ETHAN CASBY

Prisoner Number   18881078

Address   5001 HWY 3127

Date of Birth   02-21-1985

Date of Arrest   06-14-11

Date of Conviction   03-16-13

3

**IMPORTANT:** In the space provided below, place the full name of each defendant named in the caption, his or her official position, place of employment, and service address. If you have sued more than one defendant, provide this same information for every defendant you have named. Please attach an additional sheet, if necessary. **The parties listed below must be exactly the same as those listed in your caption.**

B.  Defendant KECA CHARLES _____ is employed as LEAD NURSE _____

_____ at NELSON COLEMAN CORRECTIONAL CENTER, ST. CHARLES PARISH

Address for service: 5001 HWY 3127 - KILLONA, LA 70057 OR 70066

C.  Defendant Dr. WILLIAM LO _____ is employed as PSYCHIATRIST _____

_____ at NELSON COLEMAN CORRECTIONAL CENTER, ST. CHARLES PARISH

Address for service: 5001 HWY 3127 - KILLONA, LA 70057 OR 70066

D.  Defendant BONNIE DUBOURG ▓▓▓▓▓▓ is employed as ▓▓▓▓▓ RETIRED SEPTEMBER

OF 2012 (DNA ANALYST) at JEFFERSON PARISH SHERIFFS OFFICE

Address for service: UNKNOWN TO PLANTIFF

E.  Defendant DET. LARRY DYESS _____ is employed as CAPTAIN _____

_____ at JEFFERSON PARISH SHERIFFS OFFICE

Address for service: JEFFERSON PARISH SHERIFFS OFFICE

F.  Defendant DET. DONALD CLOGHER _____ is employed as DETECTIVE _____

_____ at JEFFERSON PARISH SHERIFFS OFFICE

Address for service: JEFFERSON PARISH SHERIFFS OFFICE

G.  Defendant DET. JEFFEREY RODRIGUE _____ is employed as SUPERVISOR _____

_____ at JEFFERSON PARISH SHERIFFS OFFICE

Address for service: JEFFERSON PARISH SHERIFFS OFFICE

H.  DEFENDANT KEYIRA GABLE _____ IS EMPLOYED AS N/A _____

_____ at N/A _____

Address for service: N/A

4

NOTE: TO VERIFY CLAIMS GO TO CYRUSEASBY.COM OR SEE RECORD DOCKET #5 233, 243, 277, 288, CASE # 11-130, SECTION L

## IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheet if necessary.)

(D.) BONNIE DUBOURG (DNA ANALYST) = ON MAY OF 2005 AND MAY OF 2006 SEROLOGY TESTS WERE DONE ON BIOLOGICAL EVIDENCE THAT EXPERT BONNIE DUBOURG ANALIZED IN JUNE OF 2007. SINCE JPSO CRIME LABORATORY IS ACCREDITED, EVERYTHING TESTED GOES THROUGH A PEER REVIEW BY ANOTHER ANALYST AND THEN GOES THROUGH A TECHNICAL REVIEW BY THE TECHNICAL LEADER. ANN MONTGOMERY AND GREGORY HARRELL WERE THOSE TECHS INVOLVED IN THIS FIASCO. ANALYST REPORTS COME IN TWO FORMS SINCE FORENSIC SCIENCE IS A COMPARATIVE SCIENCE ; (1) NUMERICAL CHARTED FORMAT AND (2) WRITTEN CONCLUSIONS DESCRIBING THE RESULTS FROM THE CHART IN WORDS AND SENTENCES. BONNIE DUBOURG ILLEGALLY CONCEALED IN HER "WRITTEN CONCLUSIONS" THE BLOOD AND DNA FROM AN UNKNOWN FEMALE ON A MURDER WEAPON (SAMPLE #3241), ON THE NORTH BEDROOM DOOR (SAMPLE #5113, MARKER-1), WEST WALL OF THE REAR BEDROOM (SAMPLE #5121, MARKER-3), AND...

CONT'D SEE PAGE 5.1

## V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

REQUESTED RELIEF IS ASKED IN TWO FORMS ;(1) INJUNCTIVE AND (2) COMPENSATORY

(1) INJUNCTIVE =     • ORDER REVERSING CONVICTION OF AUGUST 2013

- ST. CHARLES : PRELIMINARY ORDER STATING THAT ANY INMATE WITH A PREVIOUS DIAGNOSIS FROM A PHYSICIAN/DOCTOR MANDATING TREATMENT SHALL BE HONORED,

• PRELIMINARY ORDER ORDERING THE ISSUANCE OF MY PRESCRIBED MEDICATIONS BEFORE ANY FURTHER SIGNIFICANT ISSUES OCCUR,

• PRELIMINARY ORDER ORDERING DR. WILLIAM LO AND KECA CHARLES TO WRITE/TYPE A NOTARIZED AFFIDAVIT HOW THEIR DEPRIVATION OF MY PRESCRIBED MEDS MORE THAN LIKELY UNFAIRLY & UNJUSTLY ALTERED MY PERFORMANCE AND ABILITY TO FOCUS IN FEDERAL TRIAL PROCEEDINGS,

- JEFFERSON PARISH : PRELIMINARY ORDER THAT JPSO'S DNA LABORATORY CONTRACTS WITH A STATE/GOV'T ENTITY SUBJECT TO STATE/GOV'T PROTOCOL, NOT JPSO'S PROTOCOL.

• PRELIMINARY ORDER THAT ALL SUBSEQUENT INTERROGATIONS & QUESTIONINGS AT THE BUREAU BE RECORDED BY VIDEO AND AUDIO.

SEE PAGE 5.9

IV. (D.) (D.) BONNIE DUBOURG (DNA ANALYST)

... CONT'D ... AND A FOLDING DOOR IN THE SOUTH BEDROOM (SAMPLE #5124). ALSO CONCEALED IN HER "WRITTEN CONCLUSIONS" WERE UNKNOWN MALE OR FEMALE BLOOD ON THE BLADE OF ANOTHER PIECE OF A MURDER WEAPON (SAMPLE #3285), THE BLADE OF ANOTHER KNIFE HANDLE (SAMPLE #3292), AND A BLOODSTAIN WITHIN A PIECE OF SHEETROCK (SAMPLE #3283). AS PREVIOUSLY STATED; FORENSIC SCIENCE IS A COMPARATIVE SCIENCE IN WHICH EXPERTS HAVE KNOWN SAMPLES OF ALL SUSPECT(S) AND VICTIMS ALREADY IN THEIR DATABASE. IF UNKNOWN DNA OR BLOOD MATTER SURFACES, THEN THE ANALYST COMPARE THE UNKNOWN PROFILE SAMPLES TO ALL KNOWN PROFILE SAMPLES TWO OR THREE TIMES, SUBSEQUENTLY IF NO MATCH CAN BE DETERMINED, ANALYST ARE BOUND BY LAW & PROTOCOL TO DOCUMENT THE PRESENCE OF AN UNKNOWN SOURCE OF DNA/BLOOD, EVEN IF THAT UNKNOWN SOURCE ONLY APPEARS ONCE. THIS PROTOCOL WAS NOT EXECUTED IN MORE THAN ONE SAMPLE RESULTING IN MALICIOUS CONCEALMENT. I HAVE BEEN TO TWO TRIALS REGARDING THIS EVIDENCE, A STATE TRIAL WITH A NOT GUILTY VERDICT, THEN A FEDERAL WITH A GUILTY VERDICT WHERE NONE OF THE JURORS HEARD ALL THE FACTS DUE TO DNA CONCEALMENT BY DNA ANALYST BONNIE DUBOURG.

(B.)(C.) (B.) KECA CHARLES/HEAD NURSE; (C) DR. WILLIAM LO/PSYCHIATRIST

ON OR ABOUT 7.14.2011 I WAS BROUGHT TO NCCC. UPON ARRIVAL A PROCEDURAL NURSING ASSESSMENT WAS EXECUTED WHEREIN PERSONAL SCREENING QUESTIONS WERE ASKED ABOUT MY MEDICAL HISTORY. A NON-DISCLOSURE FORM WAS NOT PRESENTED TO ME, NOR WAS I IN PHYSICAL POSSESSION OF THE QUESTIONS AND ANSWERS DOCUMENTED ON THE MEDICAL FORM(S). IT WAS FILLED OUT BY AN NCCC PERSONNEL WHICH PUT ME IN A RELUCTANT STATE OF MIND BECAUSE PREVIOUSLY DURING THIS CRIMINAL INVESTIGATION AN AUTHORITIVE FIGURE FORGED PAPERWORK WITH MY SIGNATURE BUT NO ONE BELIEVED THAT TO BE TRUE. THE QUESTIONEE ASKED; (1) WAS I TAKING ANY MEDICATIONS?, (2) WAS I UNDER ANY MEDICAL CARE OR TREATMENT? AND, (3) HAVE I BEEN HOSPITALIZED FOR A MENTAL ILLNESS? I ANSWERED NO TO ALL THREE BECAUSE PRIOR TO MY ARRIVAL, A PREVIOUS ATTORNEY (1ST) OF MINE STRICTLY ADVISED ME NOT TO DISCUSS ANY PART OF MY CASE WITH ANYONE. DISCLOSING (WITHOUT A NON-DISCLOSURE AGREEMENT) MY MENTAL HISTORY DRAWS BACK TO MY FIRST INCARCERATION BECAUSE THATS WHEN

IV

(b)(c)

I STARTED HAVING MENTAL ISSUES. I AM CURRENTLY FACING THE SAME CHARGES FROM MY FIRST INCARCERATION, THEREFORE, ANSWERING ONE QUESTION WOULD SIMULTANEOUSLY LEAD TO ANOTHER THEN EVENTUALLY I WOULD HAVE TO DISCLOSE THE FACTS OF MY CASE. IN ADDITION TO THE ANXIETY THAT CAME WITH BEING A FIRST TIME FEDERAL INMATE, NOT KNOWING WHAT TO EXPECT, I WAS NOT PREPARED TO DISCLOSE FACTS OF MY CASE WITHOUT CONFIRMATION OF SOME FORM OF CONFIDENTIALITY. EVEN MORESO, DURING MY INCARCERATION, I'VE WITNESSED STABBINGS, MURDER AND RAPINGS THAT AFFECT ME. HOWEVER, THE TRUTH REMAINED THAT I WAS SUFFERING MENTALLY, EMOTIONALLY, AND PHYSICALLY BECAUSE I HAD NONE OF MY DIAGNOSED MEDICATION OR SUPPLEMENTAL RECREATIONAL DRUGS TO OBSCURE MY MENTAL HANDICAP. ABOUT A MONTH HAD PASSED AND I WAS DESPERATE TO BE OPEN ABOUT MY MENTAL HANDICAP AND BE MEDICALLY TREATED SO I REQUESTED TO SEE THE PSYCHIATRIST, (PAPERS ATTCHD, 8·15·11). DR. WILLIAM LO TOLD ME SINCE I FABRICATED DURING MY INITIAL ASSESSMENT HE WOULD REFUSE TO HELP ME. I EXPLAINED TO HIM THE LEGALITIES OF MY CASE AND WHY I MISINFORMED NCCC'S STAFF INITIALLY BUT HE STILL REFUSED ME REPRODUCTIVE HEALTH SERVICES. IN THE MEANTIME I WAS STILL SUFFERING AND MY FED. ATTN NOTICED MY ILL BEHAVIOR SO MUCH THAT THEY SUBPOENAED MY PREVIOUS PSYCHIATRIC DIAGNOSIS FROM MHMRA IN HARRIS COUNTY TEXAS, MY PREVIOUS MENTAL HISTORY FROM TPSO, HIRED A PAID DR. TO CONSULT WITH ME, AND MOTIONED THE COURTS FOR AN EVALUATION OF MY BEHAVIOR. THE JUDGE MOTIONED AGAINST AN EVALUATION BECAUSE A SIMPLE ORDER OF MY PRESCRIBED MEDICATION WOULD REPLENISH MY REPRODUCTIVE HEALTH ISSUES. BY FEBRUARY OF 2012 I RETRIEVED A DUPLICATE OF MY DIAGNOSIS FROM TWO DIFFERENT PHYSICIANS IN TEXAS WITH MY PRESCRIBED MEDICATIONS ATTACHED, (PAPERS ATTCHD 2·22·12). I FORWARDED A COPY TO THE HEAD NURSE KECA CHARLES WHO CONCEDED THE OPINION OF DR. WILLIAM LO DENYING MY REPRODUCTIVE HEALTH SERVICES. MY FED. ATTN'S WERE MOTIONING TO ACT JUDICIALLY BUT THEY WERE REMOVED FROM MY DEFENSIVE TEAM MARCH OF 2012. (MY TRIAL ATTN. ROBIN K. LJUNGBERG HAS BEEN DISBARRED FOR HIS ACTIONS/LACK THEREOF IN TRIAL) (2013)

IN APRIL OF 2012 I PLEADED VIA REQUEST FORM TO SEE AND CONSULT WITH A PSYCHIATRIST ABOUT MY MENTAL IMBALANCE. THIS TIME DR. WILLIAM LO

IV

(B),(C).

PRESCRIBED ME ZOLOFT, (PAPERS ATTCH'D), 4.2.12/5.3.12 PREVIOUSLY, MY REGULAR DOCTORS REQUIRED COMMUNICATION IN WELL OF THE RESULTS OF THE MEDICINE. THEREFORE, IN JULY OF 2012 I COMMUNICATED THE UNPLEASANT SIDE EFFECTS FROM THE ZOLOFT, (PAPERS ATTCH'D) 7.5.12/7.17.12. DR. WILLIAM LO THEN TOOK ME OFF OF THE ZOLOFT WITH NO SUPPLEMENTAL PRESCRIPTION SIMULTANEOUSLY TREATING ME UNPROFESSIONALLY AS I EXPLAINED THE DISCOMFORT OF MY OTHER MEDICAL SUFFERINGS. THE STRENGTH OF HIS GRAND DISLIKE OF ME WAS INTIMIDATING AND SOMETIMES THREATENING BUT I MAINTAINED MY DEFERENCE AND CORDIALNESS. THROUGH THE NEXT YEAR MY ATTORNEYS PROFESSED THAT THEY WOULD INVOKE LEGAL ACTION AND ADVISED ME TO RESPECTFULLY DISTANCE MYSELF FROM MEDICAL BECAUSE AT THAT TIME MY CASE WAS DEATH ELIGIBLE, HIGH PROFILE, AND THEY DIDN'T WANT TO RISK ANY POTENTIAL NEGATIVE ENERGY TO MY PROCEEDINGS. EVERYTIME COUNSEL BECAME PERSISTENT THEY WERE REMOVED FROM REPRESENTATION FOR MENTAL ILLNESSES, BUDGET CUTS, AND CONFLICTS OF INTEREST. TWO MORE LAWYERS HAD BEEN HIRED THEN REMOVED FROM MY CASE. BY THIS TIME I WAS APPROACHING LAWYER #5. THIS CONSISTENT REVOLVING DOOR OVERWHELMED THIS DILEMMA AT SUBJECT.

THIS COUNSEL WAS ASSIGNED TO MY CASE APRIL OF 2013 AND I WAS RUSHED IN TRIAL BY AUGUST OF 2013 WHICH IS HIGHLY UNUSUAL IN THE FEDERAL COURT SYSTEM. SINCE MY ARRIVAL AT NCCC, MY THOUGHTS, FEELINGS, AND MY ABILITY TO FUNCTION EVERYDAY WERE A CHALLENGING STRUGGLE THAT USUALLY DEFEATED ME WITHOUT MY COMPREHENSION THAT I WAS BEING DEFEATED. ALL I CAN CONVEY IS WITHOUT MY PRESCRIPTION I WAS AND STILL AM ANTSY, AGITATED, PARANOID, HYPERACTIVE, DEMOTIVATED AND NEVER EXCITED ABOUT ANYTHING. MY EMOTIONS ARE HARD TO RECOGNIZE UNLESS I THINK ABOUT SOMETHING I DID, DIDN'T DO, SAID, OR DIDN'T SAY AND MOST OF THE TIMES ITS DIFFICULT TO REMEMBER THAT. ITS AS IF I CANT INTUIT OR CONTROL THESE DIFFERENT EMOTIONS BUT WHICHEVER ONES ARE ACTIVE THEY CONSUME MY CONCENTRATION. THESE ILLNESSES OVERWHELMED, EVEN AT TRIAL. IN WHICH UNCONTROLABLY, MY SYMPTOMS OF PARANOIA HINDERED CONSTANT SLEEP AT NIGHT. SUBSEQUENTLY, I WAS FOUND GUILTY PARTIALLY BECAUSE TUESDAY IN MID-TRIAL I WAS TRANSFERRED TO ANOTHER FACILITY WHICH DISCOMBOBULATED MY MENTALITY. I RETURNED TO NCCC IN LATE AUGUST OF 2013 IN WHICH BY DECEMBER I WAS SEEKING HELP BECAUSE THIS LAWYER WAS REMOVED FROM MY CASE (PAPERS ATTCH'D, 12.2.13). MY REQUEST FOR REPRODUCTIVE HEALTH SERVICES

**IV.**

**(B)(C.)**

WERE ONCE AGAIN DENIED BY DR. WILLIAM LO SO I FILLED OUT A GRIEVANCE FORM IN WHICH

HEAD NURSE KECA CHARLES REITERATED DR. WILLIAM LO'S DENIAL OF ASSISTANCE YET AGAIN,

(PAPERS ATTCHD, 12-5-13).

        MY SIXTH ATTN. TOOK LEGAL ACTION BY CORRESPONDING WITH "HIPPA" AND SUBPOENING

MY ENTIRE MEDICAL FILE. ALSO A CRIME VICTIMS MOTION WAS FILED IN MY BEHALF. IN ADDITION TO

MY ATTN. ADVISING ME TO AVOID MEDICAL AS MUCH AS NECESSARY OR APPROPRIATE, CRIME VICTIMS

ARE TO RECEIVE REASONABLE PROTECTION FROM THE ACCUSED. AS I COMPLETE THIS CIVIL ACTION

ALL CONDITIONS ARE WORSENING YET I'M STILL REFUSED MY PREVIOUSLY PRESCRIBED MEDICATION

AND ACCESS TO THE CLINIC. BEFORE WE COULD CONCLUDE THIS INTENTIONAL NEGLIGENCE, MY

FEDERAL JUDGE AT BEHEST OF MY ATTN'S REPORT ORDERED ME TO SUBMIT TO A PSYCHIATRIC

FACILITY BECAUSE THEY BOTH AGREED MY PARANOIA & DEPRESSION SYMPTOMS WERE BLATANT. I WAS

EVALUATED FOR A MONTH, DEEMED COMPETENT BUT THE DR. CONCLUDED THAT MY PREVIOUS DIAGNOSED

SYMPTOMS WERE EASILY TRANSPARENT. SOMETIMES MY DIAGNOSTIC SYMPTOMS KEEP ME IN THE IRON

BUNK FOR DAYS AT A TIME WHICH RESULTED IN BACK SPASMS AND KNEE/JOINT PAINS.

        ON JUNE 5, 2013 I RETURNED TO NCCC AND DURING MY INITIAL ASSESSMENT I

DISCLOSED TO PERSONNEL ALL OF WHATS ENTAILED HEREIN BUT STILL DR. LO AND KECA CHARLES DEPRIVE

MY REPRODUCTIVE SERVICES. AS CURRENT AS THIS INK DRIES I STILL SUFFER.

**(E.)** **(E.) CAPTAIN LARRY DYESS (RET.)**

        UNDER OATH, KNOWINGLY MADE FALSE DECLARATIONS BEFORE THE COURTS ON MULTIPLE DATES

IN LIEU OF MULTIPLE CRIMINAL PROCEEDINGS, SPECIFICALLY TRIAL AND ANCILLARY DEPOSITIONS PERJURED

AS TRUTH. THESE ILLEGAL FEATHERED LIES ULTIMATELY HARMED ME WHEN THEY LED TO MY CONVICTION.

FOR EX: IN A STATE 2005 MOTION DYESS FALSELY CLAIMED THAT HIS REASON FOR ILLEGALLY ENTERING

SOMEONES BACKYARD WAS BECAUSE OF A CONTAINER SEEN IN "PLAIN SIGHT." WHEN ASKED AGAIN IN

A 2008 COURT PROCEEDING ON "CCD0002173" HE TESTIFIES THAT SAME CONTAINER WAS NOT

IN HIS VIEW WHICH MAKES HIS ENTERING THAT RESIDENCE ILLEGAL. IN MY 2013 TRIAL HE SWITCHED

HIS STORY BACK TO THE ORIGINAL VERSION.

IV

(E.)

DYESS PERJURES AGAIN ON "CC0000 2147" BY TESTIFYING THAT HE WAS ON HIS OWN CELL PHONE WHEN DET. RODRIGUE CALLED HIM IN THE MIDST OF EXECUTING A SEARCH WARRANT. THEN ON "CC0000 4790" IN FRONT OF A FEDERAL GRAND JURY HE TESTIFIES HE'S NOT EXACTLY SURE OF WHO'S PHONE HE WAS ON IN THE MIDST OF EXECUTING THE SEARCH WARRANT. (THESE SMALL DETAILS ARE IMPORTANT BECAUSE FOR ONE COURT PROCEEDING DYESS' PHONE RECORDS WERE ABSENT BUT ONCE HIS PHONE RECORDS WERE SUBPIENAED HE CHANGED HIS STORY TO MATCH THE INCONSISTENCY IN HIS TESTIMONY. IN MY 2013 FED TRIAL DYESS FALSELY TESTIFIES THAT HE WAS ON ANOTHER OFFICERS PHONE.)

DYESS COMMITS PERJURY AGAIN IN A 2005 TESTIMONY WHEN HE STATES HE KNOCKED ON THE DOOR OF THE OWNERS RESIDENCE HE ILLEGALLY ENTERED IN SEARCH FOR THE CONTAINER AT 11:13 AM – 12:00 NOON. CONTRARY TO SUCH, DET. RODRIGUE TESTIFIES ON "CC0002080" AND ANOTHER 2005 COURT PROCEEDING THAT THE SEARCH WARRANT WAS BEING EXECUTED BY DYESS DURING 10:00 AM – 10:24 AM WHICH NECESSITATES THE ACCURACY OF DYESS' PHONE RECORDS. (THIS IS OF IMPORTANCE BECAUSE THE SEARCH WARRANT FOR SEARCH OF THE RESIDENCE WAS SIGNED AT 10:26 AM. DYESS AND RODRIGUES ACCOUNT OF THE FACTS DIFFER AND THE PHONE RECORDS CONTRADICT BOTH OF THEIR TESTIMONY UNDER OATH.)

ON "CC0000 2145, 2149" DYESS TESTIFIES A PATROLMAN KNOCKED ON THE RESIDENCE BEFORE HE ENTERED IT ILLEGALLY. IN A 2005 MOTION DYESS TESTIFIES HE WAS ALONE. ON "CC0004783" FROM A 2009 FED. GRAND JURY TESTIMONY DYESS TESTIFIED OFFICERS (PLURAL) WENT IN AN ATTEMPT TO CONTACT THE OWNERS BEFORE HE ENTERED THE RESIDENCE ILLEGALLY. YET AGAIN IN A 2005 COURT PROCEEDING DYESS TESTIFIES NO ATTEMPTS WERE MADE TO SECURE (CONTACT) THE RESIDENCE OR ITS OWNERS BEFORE ILLEGALLY ENTERING.

ON "CC0000 2149" DYESS TESTIFIES IN MY 2005 TRIAL THE ATTEMPT TO CONTACT THE OWNERS THROUGH THEIR ALARM COMPANY WAS UNSUCCESSFUL. ON "CC0004794" HE TESTIFIES THE RESIDENCE DID NOT HAVE AN ALARM COMPANY BECAUSE THEY HAD NO ALARM. YET AGAIN IN A 2005 PROCEEDING DYESS TESTIFIES THEY TRIED TO GET A PHONE ON THE OWNERS OF THE RESIDENCE THROUGH THE ALARM COMPANY BUT THERE WAS NO ANSWER. (WHO DIDN'T ANSWER, THE ALARM COMPANY OR THE OWNERS??)

IV

AND HOW COULD ANY OF THEM ANSWER WHEN THERE WAS NO ALARM??)

(F.) **(F.) DET. CLOGHER, DONALD**

DET. CLOGHER ON "CC 00001931, 2012, AND 2013" TESTIFIES THAT SYNONYMOUS WITH PROTOCOL, EVIDENCE AT A CRIME SCENE IS PRESERVED AS IT IS MEMORIALIZED BY PHOTOGRAPHING THE EVIDENCE, LABELING THE EVIDENCE, THEN PHOTOGRAPHING IT AGAIN BEFORE TOUCHING ANYTHING. HE TESTIFIES NOTHING DIFFERENT THAN THE ABOVE WAS DONE WITH THIS CASE AND NOTHING WAS REMOVED FROM THE SCENE BEFORE 10:00 AM. CONTRARY TO HIS TESTIMONY ARE PICTURES OF THE CRIME SCENE (P4, P5, P7, P8, CC00000567, 0709, 0836, 0835, 0834, 0833, 0832, 0490, 0488, AND 0489) IN WHICH EVIDENCE WAS CLEARLY DISTURBED. (WITHIN THESE ITEMS OF EVIDENCE ARE THE ALLEGED CLOTHES DYESS CLAIMS HE FOUND AT THE ILLEGALLY SEARCHED RESIDENCE. WHATS EVEN MORE IRONIC IS DNA ANALYST BINNIE DUSBURG CONFIRMED BLOOD MATTER ON THE FRONTS, BACKS, SIDES AND BOTTOMS OF THESE CLOTHES BUT NOT ONE DROP OF BLOOD MATTER WAS FOUND IN THE VEHICLE USED TO GET FROM THE SCENE (WHERE CLOGHER IS) TO THE ILLEGALLY SEARCHED RESIDENCE (WHERE DYESS WAS). IN PHOTOS P4, P5, P7, P8 YOU'LL SEE THE CLOTHES DISAPPEAR FROM THE PHOTO THEN REAPPEAR BY DYESS WITH NO TRACE OF TRAVEL IN BETWEEN.)

ON "CC 00001997" IN MY 2008 STATE TRIAL, DET. CLOGHER TESTIFIES THAT HE WAS APPRISED THAT THOMAS ODEM (GOV'T WITNESS) HAD NOT SEEN ANYTHING (OF RELEVANCE) AND THAT HE ONLY HANDED GABLE (ANOTHER WITNESS) THE PHONE AND LEFT. CONTRARILY ON "CC00005020" FROM A FED. 2009 GRAND JURY TESTIMONY, THOMAS ODEM SAYS HE NEVER WAS INTERVIEWED BY THE JPSO BEFORE.

(G.) **(G.) SUPERVISOR JEFFEREY RODRIGUE (DET.)**

ON "CC 00002024, 2027, 2029, AND TWO 2005 EXCERPTS, DET. RODRIGUE TESTIFIES UNDER OATH THAT IN 2004 HIS FIRST CONTACT WITH ME WAS AT 5:45 AM (11-10-04) IN WHICH HE PROVIDED ME WITH A "RIGHTS OF ARRESTEE" FORM PRIOR TO ANY CONVERSATION.

IV

(G.)

HE THEN GOES ON TO SAY THE FORM TOOK HIM 10 MINUTES TO GO OVER, THEN WE MADE A RECORDED STATEMENT STARTING AT 5:53 AM. CONTRARILY ON "CC0000 2030" DET. RODRIGUE QUOTES, " YOU ALSO SAID YOU DRIVE A WHITE PONTIAC BONNEVILLE ?" (IF WE WERE TALKING FOR THE FIRST TIME AND EVERYTHING SUBSEQUENT TO 5:53 AM WAS RECORDED, WHY IS THERE NO RECORDING OF ME QUOTING WHAT RODRIGUE REITERATED ↑)? FURTHERMORE, ON "CC0000 2033" DET. RODRIGUE AGAIN AUTOMATICALLY PREDICTS MY JOB POSITION WITHIN PEPSI AMERICA WITHOUT ME EVER MENTIONING THESE THINGS ON RECORD. I NEVER ONCE SAID I WAS A (MERCHANDISER) BUT HE IRONICALLY KNOWS THIS DETAILED INFORMATION. ON "CC0000 2089" IN MY 2008 TRIAL RODRIGUE ADMITS THAT HE NEVER DID A BACKGROUND CHECK ON ME UNTIL MAYBE AFTER I WAS ARRESTED (12:30), WHICH PROVES EVEN MORESO HE HAD ZERO KNOWLEDGE OF ANY FACTUAL INFORMATION. THEN AFTER 9 YEARS IN A 2013 FED. MOTION, RODRIGUE TESTIFIED THAT CONVERSATION DID TAKE PLACE BEFORE TURNING THE TAPE RECORDER ON. (THIS IS PURELY CONTRADICTORY, WHICH PLAYED A PART IN MY CONVICTION)

IN MY 2008 TRIAL ON "CC0000 3330" RODRIGUE TESTIFIED THAT AFTER PREPARING THE BOOKING FORM AND DRIVING ME TO BE LOCKED UP AT THE PARISH JAIL HIS ROLE AND INVOLVEMENT IN INVESTIGATING THIS HOMICIDE WAS CONCLUDED. CONTRARY TO THAT ON "CC0000 0007" DET. CLOGHER NARRATES IN HIS SUPPLEMENTAL REPORT OF 2004 THAT RODRIGUE DID IN FACT RETURN TO THE SCENE DURING THE EVENING HOURS TO "DISCUSS" MY 3RD STATEMENT. (THIS IS VITAL BECAUSE NOT ONE DETECTIVE SIGNED THEIR ARRIVAL TIME OR EXIT TIME AT THE CRIME SCENE (CC0000 0101) WHEN IT IS MANDATED BY PROTOCOL THAT THEY DO. FURTHERMORE, EVERYBODY IS LYING ABOUT TIMES AND WHEREABOUTS THEN MYSTERIOUSLY EVIDENCE DISAPPEARS AND REAPPEARS WITH NO TRACE OF HOW).

(H.)

(H.) KENDRA GABLE

ON "CC0001757, 1758" TESTIFIED UNDER OATH IN MY 2008 TRIAL THAT SHE TOLD JPSO THAT SOMETHING HAPPENED IN THE HOUSE (CRIME SCENE) AND SHE DIDN'T KNOW WHAT, CONTRARILY ON "CC0005017" FROM THOMAS ODOMS 2010 GRAND JURY TESTIMONY HE TESTIFIES

IV          (H.)

THAT GABLE CAME TO HIM SAYING I JUST FINISHED STABBING JANICE AND HER KIDS THEN
STARTED A FIRE. IN DET. PATRICK EVANS SUPPLEMENTAL REPORT WITHIN "CC0000040", HE WRITES
THAT GABLE TOLD HIM SHE HEARD SCREAMING COMING FROM UPSTAIRS NOT KNOWING WHO OR WHY
THEY WERE SCREAMING, AND FURTHERMORE I AM IN POSSESSION OF FEDERAL RECORDED
PHONE RECORDS WHERE GABLE SAYS I STABBED PEOPLE WHILE THEY WERE SLEEPING BUT NOT
ONE EXPERT SINCE 2004 HAS MADE MATERIAL FACT FROM EVIDENCE OF THAT INSINUATION, SO HOW COULD SHE??
          ON "CC00001753" FROM MY 2008 TRIAL GABLE TESTIFIES SHE KNEW FOR A FACT
IT WAS JANICE SHE HEARD SCREAMING. NOT ONLY DOES THIS CONTRADICTS WHAT ODOM ADHERES
THAT SHE TOLD HIM IN "CC0000507" BUT IT ALSO CONTRADICTS "CC00000040" WHEN SHE TOLD DET.
EVANS SHE HEARD SCREAMING COMING FROM UPSTAIRS NOT KNOWING WHO OR WHY THEY WERE SCREAMING.
FROM HER 2004 INTERROGATION IN "CC0000172" SHE TESTIFIED SHE HEARD BOYS SCREAMING, ON "CC00
009343 FROM A 2009 FED. GRAND JURY, TESTIMONY SHE TESTIFIES SHE HEARD JANICE AND THE BOYS
SCREAMING, ON "CC00001799" SHE TESTIFIES SHE HEARD NO BOYS SCREAMING AND FINALLY ON "CC0000
1729" SHE TESTIFIES SHE DIDN'T HEAR ANYONE ELSES NOISE. (ALSO ON THE PHONE RECORDINGS IN
MY POSSESSION SHE ADMITS THAT SHE CHANGED HER STORY FROM 2004. TO LISTEN GO TO CROSSCASEY.COM)

...CONT'D

V                    (1) INJUNCTIVE RELIEF
                         - JEFFERSON PARISH

• PRELIMINARY ORDERS THAT ALL PARTIES ARE PUT ON SUSPENSION WITHOUT PAY UNTIL THE CONCLUSION OF THESE ANCILLARY MATTERS (A CRIMINAL COMPLAINT WAS FILED WITH THE LOCAL F.B.I.'S SP. AGENT IN CHARGE MICHEAL J. ANDERSON, JEFF DUTTON, JOHN P. SELLECK, NATIONAL F.B.I, USDOJ, AND THE FIFTH CIRCUIT WHO HAS ALREADY CONFIRMED AN INVESTIGATION (CLAIM # 05-14-90093))

(2) COMPENSATORY DAMAGES =

COMPENSATORY RELIEF ARE REQUESTED IN THREE FORMS : NOMINAL, PUNITIVE, AND COMPENSATORY FOR WAGES LOST (JEFFERSON PARISH FROM 2004-2003 BECAUSE I WAS EMPLOYED AT PEPSI AMERICAS), VALUE FOR MY DAMAGED BACK AND JOINTS FROM INCARCERATION, LOST EXPECTATION DAMAGES BASED ON MY 2011 ENROLLMENT TO BECOME AN ELECTRONIC SYSTEMS TECHNICIAN (EST) AND EMPLOYMENT FROM MY "CLASS A" COMMERCIAL DRIVERS LICENSE, FUTURE MEDICAL DAMAGES EXPENSES, AND PRESCRIPTION COST FOR RECOVERY THERAPY PHYSICALLY AND MENTALLY, PAIN AND SUFFERING, GENERAL DAMAGES, CONSORTIUM DAMAGES (SPOUSAL + PARENTAL), PROXIMATE DAMAGES, SPECIAL DAMAGES (FOR MISSED MEMORIES, TRAGIC INCARCERATED MEMORIES, MISSED ANNIVERSARIES, BIRTHS, GRADUATIONS, BIRTHDAYS, AND NAME SLANDER), FORESEEABLE DAMAGES (FOR KNOWING I WAS FACING THE DEATH PENALTY AND STILL REMAINING SILENTLY CORRUPT), EXCESSIVE DAMAGES, AND I WILL BE ASKING THE JURY FOR MULTIPLE AND TREBLE DAMAGES IN WHICH IF AWARDED TRIPLES THE AMOUNT. THESE DAMAGES ARE BASED ON AN OPTIMISTIC THREE YEAR REPRODUCTIVE PLAN.

(SOURCES =   BUREAU OF ECONOMIC ANALYSIS, U.S. DEPT. OF COMMERCE

            BUREAU OF LABOR STATISTICS, U.S. DEPT. OF LABOR

            U.S. CENSUS BUREAU, U.S. DEPT. OF COMMERCE

            DRUGS.COM

            (OECD) ORGANIZATION FOR ECONOMIC COOPERATION AND DEVELOPMENT

V

ST. CHARLES PARISH SHERIFF'S OFFICE

(2) COMPENSATORY RELIEF

• NOMINAL DAMAGES

GENERAL DAMAGES = $10,000

TOTAL = $10,000

• PUNITIVE DAMAGES

EXCESSIVE DAMAGES = $10,000

FORSEEABLE DAMAGES = $20,000

TOTAL = $30,000

• COMPENSATORY DAMAGES

LOST EXPECTATION DAMAGES = $250,000

ADDITIONAL DAMAGES = $150,000

FUTURE DAMAGES = $180,000

PROSPECTIVE DAMAGES = $15,000

PROXIMATE DAMAGES = $5,000

SPECIAL DAMAGES = $20,000

TOTAL = $620,000

$660,000

(TREBLE DAM.) × 3

GRAND TOTAL = $1,980,000

V            JEFFERSON PARISH SHERIFFS OFFICE

(2) COMPENSATORY RELIEF

• NOMINAL DAMAGES

GENERAL DAMAGES = $ 50,000

TOTAL = $ 50,000

• PUNITIVE DAMAGES

EXCESSIVE DAMAGES = $ 50,000

FORSEEABLE DAMAGES = $ 1,000,000

TOTAL = 1,050,000

• COMPENSATORY DAMAGES

CONSORTIUM DAMAGES = $ 300,000

LOST EXPECTATION DAMAGES = $ 400,000

ADDITIONAL DAMAGES = $ 150,000

FUTURE DAMAGES = $ 200,000

IRREPARABLE DAMAGES = $ 5,000

PROXIMATE DAMAGES = $ 5,000

SPECIAL DAMAGES = $ 50,000

TOTAL = $ 1,610,000

$ 1,610,000

(TREBLE DAM.) X 3

GRAND TOTAL = $ 4,830,000

V      KEYIRA GABLE

(2)    COMPENSATORY RELIEF

GENERAL DAMAGES = $500,000

(TREBLE DAM.)    X 3

GRAND TOTAL    $ 1,500,000

GRAND TOTALS

ST. CHARLES PARISH SHERIFFS OFFICE    =    $  1,980,000

JEFFERSON PARISH SHERIFFS OFFICE    =    $  4,830,000

KEYIRA GABLE    =    $  1,500,000

ULTIMATE TOTAL = $ 8,310,000

## VI. Plaintiff's Declaration

1) I declare under penalty of perjury that all facts represented in this complaint and any attachments hereto are true and correct.

2) I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

3) I understand that I am prohibited from bringing a civil action in forma pauperis if I have brought three or more civil actions in a court of the United States while incarcerated or detained in any facility that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.

4) I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire $350 filing fee and any costs assessed by the Court, which shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

Signed this _23 RD_ day of _JULY_ , 20 _14_ .


_____
(Signature of Plaintiff)

04/2006.

6

TC: Reca Charles

# NELSON COLEMAN
## ST. CHARLES PARISH CORRECTIONAL CENTER

Medical Department

## REQUEST FOR SICK CALL

Date _2·22·12_ Time_____ Request #_____

Name _Cyrus Casby_ Location _C1_ BOI #_____

Medical complaint and/or request: _MDD (see papers attached)_

Have you ever been treated for this illness before?   No_____   Yes _✓_

If yes, when, where and by whom were you treated? _MHMRA_

Inmate's signature _Cyrus Casby_ Escorting officer_____

Screened by_____ Date/time_____

Findings_____

Nursing protocol (if applicable)_____

OTC Medication (if applicable)_____

Date scheduled for Nurse/Physician Sick Call_____

Physician's Sick Call

Diagnosis, treatment, instructions: _Recs reviewed - Recs_
_on from 7/2010 - Pt was not thru_
_needs to term of incarceration - No tx indicated_

Physician Signature/Date _____ 2/27/12

Name:  CASBY, CYRUS          Case#:  451498          Page:  1 of 2
Type:  Diagnosis Screen (Active Diagnoses)          Date:  07/09/2010
Printed on 12/05/2011 at 10:27 a.m.          (Final Approved on 07/09/2010 at 11:32 a.m.)

TITLE 18. 248

# MHMRA of Harris County

# FIVE AXIS DSM DIAGNOSIS

Last Name  CASBY          First Name  CYRUS          MI

### AXIS I: Clinical Disorders and Other Conditions that may be a Focus of Clinical Attention

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|------------|----------|
| 296.34 | MAJ DEP D/O, RECURR W/PSY F | 1 | 05/10/2010 | |

Specify Axis I diagnosis, if necessary (include your name & date with specification):

*R/O ALCOHOL ABUSE  C GUERRERO 5/10/2010*

### AXIS II:  Personality Disorders and Mental Retardation

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|------------|----------|
| 799.9 | DIAGNOSIS DEFERRED | 1 | 05/10/2010 | |

Specify Axis II diagnosis, if necessary (include your name & date with specification):

### AXIS III:  General Medical Conditions

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|------------|----------|

Specify Axis III diagnosis, if necessary (include your name & date with specification):

*NONE REPORTED*

Which of these three is the Primary Axis?    1

### Axis IV:  Psychosocial and Environmental Problems

| ID | Description | Priority | Begin Date | End Date |
|----|-------------|----------|------------|----------|
| G | PROB W/ ACCESS TO HEALTH C | 1 | 05/10/2010 | |
| D | OCCUPATIONAL PROBLEMS | 2 | 05/10/2010 | |
| A | PROB W/ PRIMARY SUPPORT G | 3 | 05/10/2010 | |

Axis V:  Global Assessment of Functioning (GAF)    42

Where is this diagnosis being made?    CPEP OUTPATIENT

MR Service Participant Group:

BACK →

| Name: CASBY, CYRUS | Case#: 451498 | Page: 1 of 2 |
| Type: CPEP Discharge Summary | | Date: 07/02/2010 |
| Printed on 12/05/2011 at 10:29 a.m. | | (Final Approved on 07/03/2010 at 2:22 a.m.) |

TITLE 18, 248

## MHMRA of Harris County
## CPEP DISCHARGE SUMMARY

Discharge Subunit:   9206 NPC CRISIS CENTER

**DISPOSITION:**   ⊙ Outpatient   ○ Inpatient/Residential Admission

Outpatient:

☒ Eligibility Center   ☐ Crisis Counseling   ☐ Open to MHMRA Clinic   ☒ MCOT   ☐ DAPA
☐ Private Provider   ☐ Personal Care Home   ☐ PATH Program   ☐ Chemical Dependency Program
☐ Continium Health Care   ☒ HCHD Outpatient Psychiatry   ☐ HCHD Outpatient Medical
☐ HCHD Intensive Outpatient Program   ☐ Patient left without referral   ☐ Refused referral

Inpatient/Residential Admission:

Admission Status:   ○ Voluntary   ○ Involuntary

| ○ HCPC | ○ Cypress Creek | ○ Methodist | ○ CRU | ○ Hermann |
| ○ Riverside | ○ CSU | ○ Intracare North | ○ St. Joseph | ○ Bellaire |
| ○ Intracare South | ○ Tomball Medical Center | ○ Ben Taub | ○ Kingwood | ○ West Oaks |
| ○ Twelve Oaks | ○ Park Plaza | ○ Other | | |

If other, specify:

Alcohol/Drug Program:

☐ AAMA   ☐ Star of Hope   ☐ Santa Maria
☐ Edith Irby Jones Program   ☐ Salvation Army   ☐ Houston Recovery Campus
☐ Montrose Counseling Center   ☐ Rogers Street   ☐ Houston Council on Alcoholism and Drug Abuse
☐ 12 Step Programs   ☐ Other

If other, specify:

Services Provided:

☒ Initiate Meds   ☐ Adjust Meds   ☐ Psychoeducational–Family
☐ Transportation   ☒ Psychoeducational–Patient   ☐ Link-Medical
☐ 23 Hour Observation   ☐ Link-Outpatient   ☐ Link-Social Services
☐ Link-Entitlements   ☒ Diagnosis   ☐ System Management
☐ Non-Pharmacologic   ☐ Detoxification   ☐ Refused Service
☐ Left Against Medical Advice   ☐ Other

If other, specify:

BACK →

# ST. CHARLES CORRECTIONAL CENTER
# INMATE REQUEST FORM

**AREA OF CONCERN:**

| | |
|---|---|
| ☐ Classification | ☐ Law Library |
| ☐ Mailroom | ☐ Personal Property |
| ☐ Laundry | ☐ Visitation |
| ☐ Maintenance | ☐ G.E.D |
| ☐ Inmate Services (Chaplain) | ☐ Commissary |
| ☐ S.I.D. | ☑ Medical Dept. |
| | ☐ Work Programs |

**TO:** _Medical_     **DATE SUBMITTED:** _8.15.11_

**FROM:** _Cathy Cyrus_
Last Name    First Name    Middle Name

**POD:** _C 1_    **CELL/BUNK:** _202A_    **DATE:** _8.15.11_

**REQUEST:** _I need to speak with medical/psyc about the way my mind has been working._

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ADMINISTRATIVE RESPONSE**

_8/22/11_

**OFFICER'S SIGNATURE:** _____ **DATE:** _____

**OFFICER'S NAME:** _____
(Print)

SCSO-COR-202-0601

Est. 06/22/01
Rev. 3/30/11

# NELSON COLEMAN
## ST CHARLES PARISH CORRECTIONAL CENTER

Medical Department

## REQUEST FOR SICK CALL

Date __4·2·12__ Time_____ Request #_____

Name__Cyrus Casby__ Location __C1__ . BOI #_____

Medical complaint and/or request: __To see psychiatrist__

Have you ever been treated for this illness before?   No_____   Yes__✓__

If yes, when, where and by whom were you treated?_____
_____

Inmate's signature__Cyrus Casby__ Escorting officer_____
..........................................................................................

Screened by_____ Date/time_____

Findings_____
_____

Nursing protocol (if applicable)_____

OTC Medication (if applicable)_____

Date scheduled for Nurse/Physician Sick Call __Appt 4/9/12__

Physician's Sick Call

Diagnosis, treatment, instructions _____
_____
_____

Physician Signature/Date_____

JMD102

Nelson Coleman Correctional Center
Medical Department
Progress Note

C1 Name: Casby Cyrus                 DOB: 2/21/85
Date: 5/3/12    Time:            Allergies: Iodine
Vital Signs: BP:        P:        R:        T:

Current Meds:
Zoloft 50mg QHS

Medical Progress Note: Sinus / allergy

Plan/Orders:
Benadryl 25mg 1 po @ hs × 2m
Claritin 10mg 1 po @ am × 6m

L Duarte .MD

# ST. CHARLES CORRECTIONAL CENTER
# INMATE REQUEST FORM

**AREA OF CONCERN:**

| | |
|---|---|
| ☐ Classification/Records | ☐ Law Library |
| ☐ Mailroom | ☐ Personal Property |
| ☐ Laundry | ☐ Visitation |
| ☐ Maintenance | ☐ G.E.D |
| ☐ Inmate Services (Chaplain) | ☐ Commissary |
| ☐ S.I.D. | ☑ Medical Dept. |
| | ☐ Work Programs |

**TO:** _Medical_  **DATE SUBMITTED:** _7·5·12_

**FROM:** _Crisby   Curtis_
Last Name    First Name    Middle Name

**POD:** _53_  **CELL/BUNK:** _609A_  **DATE:** _7·5·12_

**REQUEST:** _Allergies acting up, requesting to see psych_

_JUL – 6 2012_

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
## ADMINISTRATIVE RESPONSE

_Dr. Durante  7/19/12_

**OFFICER'S SIGNATURE:** _____  **DATE:** _____

**OFFICER'S NAME:** _____
(Print)

SCSO-COR-202-0601

Est. 06/22/01
Rev. 3/30/11

S/c
B3

Nelson Coleman Correctional Center
Medical Department
Progress Note

Name: _Casby, Cyrus_____ DOB: _2/21/85____
Date: 7/19/12____ Time: _____ Allergies: ___Iodine____
Vital Signs: BP: _____ P: _____ R: _____ T: _____

Current Meds:
_Claritin 10mg QD_____

Medical Progress Note:

_Wants something besides_

_Zoloft_                    (In NA)

Plan/Orders: Refill Benadryl²⁵ x 6m

F/u Lo. 7/23/12

Claritin 10mg po po in am x 6m

Noted off L Randolph/West
7/19/12 @ 1040

## NELSON COLEMAN
## ST CHARLES PARISH CORRECTIONAL CENTER

Medical Department

### REQUEST FOR SICK CALL

Date __12·2·13__   Time_____   Request #_____

Name __Cyrus Casby__   Location __B3__   BOI #_____

Medical complaint and/or request: __DEPRESSION__

Have you ever been treated for this illness before?   No_____   Yes __✓__

If yes, when, where and by whom were you treated? __ON   FILE__

_____

Inmate's signature __Cyrus Casby__   Escorting officer_____

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

Screened by_____   Date/time_____

Findings_____

_____

Nursing protocol (if applicable)_____

OTC Medication (if applicable)_____

Date scheduled for Nurse/Physician Sick Call __12|9|13   Dr. Lo__

Physician's Sick Call

Diagnosis, treatment, instructions:_____

_____

_____

Physician Signature/Date_____

JMD102

# L-007-13

## ST. CHARLES CORRECTIONAL CENTER
## ADMINISTRATIVE REMEDY PROCEDURE
### GRIEVANCE

**R E C E I V E D**
DEC 06 2013

BY:_____

### STEP ONE:

Inmate's Name: _Mr. Cyrus Casby_  (Print)   Date: _12-5-13_   Time: _1:00 pm_   Cell: _9164_

Nature of Grievance: _On Monday 12-2-13 I sent a request to medical. On my request I was previously diagnosed with an illness in Houston, TX, Medical has this diagnosis on record. Problem I was previously diagnosed with an illness in Houston, TX, and need for help. (Please provide me with a copy of this grievance.)_

This is not the first time Dr. Lo has ignored my request and need for help. (Please provide me with a copy of this grievance.)

_(If additional space is needed-write on back-indicate (STEP ONE)_

_____   Mr. Cyrus Casby
Date of report    Inmate's Signature/Print Name

**Correctional Officer/Supervisor reply:**

_Mr. Casby, When were you seen by Dr. Lo on 12/1/13. According to his notes, prognosis note, Mr. did not want medication, management. Therefore, you were scheduled for a non urgent follow up for you diabetes. Please call MG out to form._

Officer's Signature and ID # _____
Date:_____   Date satisfied:_____

Inmate receipt of answered grievance.
A diab call MG out to form.

**DISSATISFIED**

_____
Inmate's Signature/Print Name

### STEP TWO:

Inmate's Name: _____  (Print)   Date:_____   Time:_____   Cell:_____

Nature of Grievance: _____

_____
_____
_____

_(If additional space is needed-write on back-indicate (STEP TWO)_

_____
Inmate's Signature/Print Name

Asst. Warden's reply:

MR. CYRUS CASEY
5061 HWY 3127
KILLONA, LA 70057

"CIVIL ACTION"

CLERK OF COURT
500 POYDRAS STREET
NEW ORLEANS, LA 70130

"CIVIL ACTION"

