UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYRUS CASBY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1706** |
| **ST. CHARLES PARISH SHERIFF'S OFFICE OF LA., JEFFERSON PARISH SHERIFF'S OFFICE OF LA., KEYIRA GABLE** | **SECTION "F"(4)** |

## ORDER AND REASONS

The *pro se* plaintiff, Cyrus Casby, has filed a **Motion for Continuance/Extension of Time (Rec. Doc. No. 29)** to file a memorandum in opposition to the Answer (Rec. Doc. No. 25) filed by defendants, Donald Clogher, Bonita Dubourg, Larry Dyess, and Jeffrey Rodrigue. Casby has also filed a **Motion to Accept Complete Service (Rec. Doc. No. 30)**, requesting that "the Court and defendant attn's [sic] allow me to use the courts [sic] facilities to transmit completion of service on all parties. . .." These non-dispositive motions can be addressed without need for a reply from the defendants.

Under a broad construction, it appears that, in the first motion, Casby seeks time to prepare a response to the defendants' Answer. Casby has not presented a need for such a response and will have ample opportunity to challenge any defense raised therein in due course. He has already filed a response to the Motion to Dismiss (Rec. Doc. No. 12) filed by other defendants. He has not established any good cause for the Court to allow a reply to the State's answer at this time or to set an expanded time to file an unnecessary pleading. This request is denied.

As for Casby's second motion, he has cited to the provisions of Fed. R. Civ. P. 5(b)(2)(E), which refers to alternative methods of serving pleadings other than the complaint. In particular, the Rule allows for electronic service of pleadings with written consent of the recipient. Casby claims

that he is without access to a computer in his prison to effect service on defense counsel by email. He also complains that he does not have access to carbon paper and the prison requires him to pay for any copies which he would make to use for service. Therefore, he requests that electronic service of his pleadings be made for him by the clerk of court.

Casby's motion appears to be focus on service of his pleadings other than the original complaint.[1] Under a broad reading, it appears that Casby fashions his request for relief under the provisions of Fed. R. Civ. P. 5(b)(3). This Rule allows the Court by its local rules to authorize a party to use the court's transmission facilities, i.e. public computer terminals, to effect electronic service of pleadings to comply with Rule 5(b)(2)(E).

As an initial matter, Casby is not required to make electronic service of his post-complaint pleadings. Rule 5(b) provides several ways for this service to be made on counsel for the opposing parties. One traditional method is service through the mail. Fed. R. Civ. P. 5(b)(2)(C). Casby clearly is able to use the mail services at the prison since all of his pleadings have been mailed to the clerk of this Court. Thus, he is not without the ability to serve or mail his own pleadings.

Furthermore, Casby's motion does not simply request that he be allowed to use a court facility as contemplated by the provision of Rule 5(b)(2)(E). Instead, Casby goes well beyond the intent of the rule and requests that the Court assign clerk's office personnel to send his pleadings to the defendants by email. His request must be denied.

Casby's indigence and position as a prisoner do not entitle him to any special privileges in pursuing his litigation. Pauper status instead is "a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116

---

[1]The Court notes that service of the initial complaint has been made by the Clerk through the United States Marshal service in accordance with Fed. R. Civ. P. 4(c)(3) as invoked by Casby's pauper status under 28 U.S.C. § 1915.

(5th Cir. 1969). Neither the rules of this Court nor the Constitution itself require any special consideration to allow Casby to avoid the necessary and minimal expenses of litigating his case. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 114 (1996); *see also*, *Lewis v. Casey*, 518 U.S. 343, 351-55 (1996); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993). When it comes to indigent litigants, the Supreme Court does not require the unnecessary devotion of the Court's limited resources to achieve "[t]he goal of fairly dispensing justice." *In re Sindram*, 498 U.S. 177, 179 (1991).

While Casby may find it inconvenient to do his own service, he has no right to have any member of the Court's staff act as his assistant in serving his pleadings on opposing counsel. The law does not require that the Court or the Clerk of Court provide Casby with any additional assistance in serving his subsequent pleadings to opposing counsel.

The Court further notes that Casby has not indicated any effort to obtain indigent services at the prison to complete his copying and mail. The Court also notes that his pauper status in this Court does not mean that he is without sufficient funds to conduct business at the prison. Accordingly,

**IT IS ORDERED** that Casby's **Motion for Continuance/Extension of Time (Rec. Doc. No. 29)** and his **Motion to Accept Complete Service (Rec. Doc. No. 30) are DENIED**.

New Orleans, Louisiana, this  27th  day of October, 2014.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**