UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYRUS CASBY** | **CIVIL ACTION** |
| **VERSUS** | **SECTION "L" (2)** |
| **ST. CHARLES PARISH SHERIFF'S OFFICE, ET AL.** | **NO. 14-1706** |

## ORDER & REASONS

Before the Court is *pro se* Plainitff Cyrus Casby's Motion for Recusal.[1] (Rec. Doc. 47). The Court has reviewed Casby's brief and the applicable law and now issues this Order and Reasons.

**I.     PLAINTIFF CASBY'S MOTION FOR RECUSAL (Rec. Doc. 47)**

Casby argues that the Court should recuse itself pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. (Rec. Doc. 47 at 2). As support for his argument, Casby contends that the Court instructed Casby's attorney, Michael Riehlmann, to "acquaint [himself] [ ] with the trial transcript so as to guide the defendant through the sentencing portion of the case…" rather than carrying out his proposal to review the entire case file. (Rec. Doc. 47 at 3). Casby avers that this suggestion was in response to Riehlmann's proposed budget for Casby's representation and resulted in Riehlmann's submission of a lower budget and less diligent preparation. Casby alleges that these facts demonstrate how the Court unlawfully dictated defense counsel's tactics and signify bias. (Rec. Doc. 47 at 3). Casby also alleges that an "investigation is still pending upon a committee's review…[and] a petition to the Judicial Conference in Washington, D.C. is still active." (Rec. Doc. 47 at 3). These facts, Casby contends, favor recusal.

**II.    LAW AND ANALYSIS**

---

[1] Although Casby fashions this motion as a Motion for Recusal, or alternatively, a motion to Voluntarily Dismiss without Prejudice, the Court interprets the motion as solely a Motion for Recusal. A voluntary dismissal without prejudice would not achieve the ends that Casby seeks, as a refiled claim would be assigned to Section L as dictated by Local Rules 3.1 and 3.1.1.

Casby relies on both 28 U.S.C. § 144 and § 455 as support for his Motion for Recusal. The Court will explore each argument in turn.

### A. Section 144

28 U.S.C. § 144 compels a judge to recuse himself when a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party…." 28 U.S.C. § 144. "Section 144 relates only to charges of actual bias," and "'[o]nce the motion is filed under § 144, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter asserted.'" *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1296 (5th Cir. 1990) (quoting *Davis v. Board of School Commissioners of Mobil County*, 517 F.2d 1044, 1051 (5th Cir. 1976)). "A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable man that bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature." *Id.* Factor three "means that the alleged attitude and preconception on the part of the judge must arise from a source beyond the four corners of the courtroom, and not from his participation in the case." *Danielson v. Winnifield Funeral Home of Jefferson, Inc.*, 634 F. Supp. 1110, 1115 (E.D. La. 1986).

Applying these rules, Casby's affidavit does not signify a legally sufficient affidavit under § 144. Most glaringly, Casby fails to allege any facts that indicate extrajudicial prejudice. Rather, Casby outlines an instance where the Court directed Casby's counsel to use the trial transcript as a guide for sentencing purposes and an ongoing investigation into Casby's claims of

judicial misconduct.[2]  These facts fail to allege, with particularity, evidence of this Court's bias stemming from an extrajudicial source as required by Section 144.

It should also be noted that Casby highlights the fact that this case was "coincidentally" transferred to this Court after an initial assignment to Judge Berrigan and Judge Feldman, suggesting, without alleging specific facts, that this Court sought this case to preside over.  In response, the Court directs Casby to Local Rules 3.1 and 3.1.1.  Local Rule 3.1 describes a collateral proceeding as a "civil matter, commenced in or removed to the court, [that] involves subject matter that comprises all or a material part of the subject matter or operative facts of another action, whether civil or criminal…."  LR 3.1.  Local Rule 3.1.1 requires that all collateral proceedings be transferred to the section with the lowest docket number "to promote judicial economy" unless the involved judges "determine that some other procedure is in the interest of justice."  LR 3.1.1.  This Court presided over Casby's criminal proceeding, *United States v. Casby*, docket number 11-0130.  As this case relates to the criminal proceeding and the criminal docket number is lower than this case's docket number, this case was transferred to this Court pursuant to Local Rules 3.1 and 3.1.1.

**B. Section 455**

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States of the United States shall disqualify himself in any proceeding in which impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(b)(1) demands recusal when the judge has a "personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1).  "Subsection (b)(1) pertains to specific instances of conflicts of interest, while subsection (a) deals with the *appearance* of partiality generally." *Andrade v. Chokjnacki*, 338 F.3d 448, 454 (5th Cir. 2003)

---

[2] This Court is not aware of any pending investigation.  On June 8, 2014, the Fifth Circuit dismissed Casby's complaint of judicial misconduct against this Court. (Rec. Doc. 311-1).  Nevertheless, pursuant to § 144, the Court does not pass judgment on the truthfulness of Casby's allegations and will presume that all facts alleged are truthful.

3

(emphasis added).    The Supreme Court has held that "it is wrong in theory, though it may not be too far off the mark as a practical matter, to suggest…that 'extrajudicial source' is the *only* basis for establishing disqualifying bias or prejudice" under § 455.  *Liteky v. United States*, 510 U.S. 540, 551 (1994).  "As articulated by the Supreme Court, th[e extrajudicial source] rule more or less divides events occurring or opinions expressed in the course of judicial proceedings from those that take place outside of the litigation context and holds that the former rarely require recusal…."  *Andrade*, 338 F.3d at 455.  When a movant does not allege an extrajudicial bias, the judge's actions must indicate a "deep-seated" or "high degree" of "favoritism or antagonism that would make fair judgment impossible."  *Liteky*, 510 U.S. at 555-56.

The Fifth Circuit has instructed that for a movant to bring a successful recusal petition under §455(a) and (b)(1), the movant "must (1) demonstrate that the alleged comment, action, or circumstance was of "extrajudicial" origin, (2) place the offending event into the context of the entire trial, and (3) do so by an "objective" observer's standard."  *Id.*  The objective standard requires that "[a] movant proceeding under § 455 'must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality.'"  *Maringo v. Dep't of Homeland Sec.*, 351 F. App'x 867, 869 (5th Cir. 2009) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1165 (5th Cir.1982)).  Accusing a judge of judicial misconduct, alone, does not warrant recusal as it would enable parties "to create the basis for recusal by their own deliberate actions."  *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990).  *See Danmtzler v. Tangipahoa Parish School Dist.*, Civ. A. 05-147, 2005 WL 1501420 at *4 (E.D. La. June 20, 2005) (Wilkinson, Mag. J.) (holding that plaintiff's own complaints of judicial misconduct against a judge would not lead a reasonable person to question a judge's impartiality).

Casby fails to allege any facts that would lead a reasonable person to question this Court's impartiality. As already discussed, Casby does not point to any bias or prejudice that stems from an extrajudicial source. Moreover, his complaints do not demonstrate "favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555-56. Finally, the Court's suggestion to defense counsel to focus on the trial record and Casby's own claims of judicial bias do not meet the objective person standard; a reasonable person would not question this Court's impartiality based on those facts. Because Casby does not allege sufficient facts to meet the § 455 standard, this Court will not recuse itself pursuant to § 455.

### III.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion for Recusal (Rec. Doc. 47) is hereby **DENIED.**

New Orleans, Louisiana this 25th day of November, 2014.

*[signature: Eldon E. Fallon]*

UNITED STATES DISTRICT JUDGE

CLERK TO SERVE:   Mr. Cyrus Casby
5061 Highway 3127
Killona, LA 70057

5